| | |
|---|---|
| STATE OF INDIANA ) | IN THE PORTER SUPERIOR COURT |
| ) | |
| COUNTY OF PORTER ) | SITTING AT VALPARAISO, INDIANA |

ESTATE OF )
ALFRED M. ANGELINI JR. )
by Personal Representative )
KYLEE BULT-BLACK and )
KYLEE BULT-BLACK, )
individually )
)
      Plaintiff, )
)
-vs- )    CAUSE NO. 64D05-1301-CT-788
)
PORTER COUNTY INDIANA, )
DAVID LAIN, in his official )
capacity as PORTER COUNTY )
SHERIFF JOHN WIDUP in his )
official capacity as WARDEN of )
PORTER COUNTY JAIL )
ADVANCED CORRECTIONAL )
HEALTHCARE, INC, KIMBERLY )
HOUSE and UNKNOWN PARTIES )
      Defendant. )

FILED IN OPEN COURT
MAR 0 5 2014
Mary R Harper
Porter Circuit and Superior Court

## FIRST AMENDED COMPLAINT

### FIRST CAUSE OF ACTION

Come now the plaintiffs herein, the Estate of Alfred M. Angelini Jr. by personal representative Kylee Bult-Black, and Kylee Bult-Black, by counsel, and for her cause of action against the defendant, now alleges and states as follows:

1. That Kylee Bult-Black was at all times relevant the daughter and next of kin of Alfred Angelini.

2. That Porter County is a county in Indiana which is responsible for the administration of justice, including but not limited to the Porter County Jail, within Porter County, Indiana.

3. That David Lain at all times relevant to this action was Sheriff of Porter County and as such was responsible for providing medical care to inmates in the Porter County Jail.

EXHIBIT A

4. That John Widup was at all times relevant the warden of the Porter County Jail.

5. That on or about February 24, 2012 Aflred Angelini was incarcerated in the Porter County Jail.

6. Pursuant to policy and practice, Porter County Jail refused to provide Alfred Angelini with his medication, Citalopram.

7. As a result, Alfred Angelini committed suicide by hanging, required hospitalization and finally succumbed to his injuries while in the hospital on February 29, 2012.

8. Pursuant to Indiana Code, Indiana Administrative Code, and the United States Constitution, the Sheriff of Porter County had a duty to provide adequate and reasonable medical care to Alfred Angelini.

9. That Porter County Indiana and the Sheriff of Porter County Indiana breached that duty.

10. That as a proximate result of said breach, Alfred Angelini suffered damages, incurred medical expenses, endured pain and suffering, physical injury and ultimately death.

11. That the Porter County Sheriff's failure to provide adequate and reasonable medical care constitutes deliberate indifference, and a violation of Alfred Angelini's 8th Amendment rights under the United States Constitution.

12. That as such, the estate of Alfred Angelini and his next of kin are entitled to an award of damages under 42 U.S.C § 1983.

WHEREFORE, the Plaintiff demands compensatory damages against the Defendant in an amount to be proven at trial, together with costs herein, and for all other just and proper relief in the premises.

## SECOND CAUSE OF ACTION

Comes now the plaintiff herein, the Estate of Alfred M. Angelini Jr. by personal representative Kylee Bult- Black, and Kylee Bult-Black, by counsel, and for her second cause of action against the defendant, Advanced Correctional Healthcare, Inc, now alleges and states as follows:

1. That they incorporate by reference all paragraphs of the First Cause of Action as set out above.

2. That if Defendant Porter County is correct, Defendant Advanced Correctional Healthcare had a duty to provide adequate and reasonable medical care to Alfred Angelini.

3. That in addition to the other named defendants, Advanced Correctional Facility breached that duty.

4. That as a proximate result of said breach, Alfred Angelini suffered damages, incurred medical expenses, endured pain and suffering, physical injury and ultimately death.

5. That Advanced Correctional Healthcare, Inc.'s failure to provide adequate and reasonable medical care constitutes deliberate indifference, and a violation of Alfred Angelini's 8th Amendment rights under the United States Constitution.

6. That as such, the estate of Alfred Angelini and Kylee Bult-Black are entitled to an award of damages under 42 U.S.C § 1983.

7. That Advanced Correctional Healthcare, Inc.'s failure to provide adequate and reasonable medical care constitutes negligence which resulted in a wrongful death.

WHEREFORE, the Plaintiffs demand compensatory damages against the Defendants in an amount to be proven at trial, together with costs herein, and for all other just and proper relief in the premises.

## THIRD CAUSE OF ACTION

Comes now the plaintiff herein, the Estate of Alfred M. Angelini Jr. by personal representative Kylee Bult- Black, and Kylee Bult-Black, by counsel, and for their third cause of action against the defendant, "unknown parties", now alleges and states as follows:

1. That they incorporate by reference all paragraphs of the First Cause of Action as set out above.

2. That if Defendant Porter County is correct, Defendant "unknown parties" who were employed by Adavanced Correctional Facility, had a duty to provide adequate and reasonable medical care to Alfred Angelini.

3. That in addition to the other named defendants, "unknown parties" breached that duty.

4. That as a proximate result of said breach, Alfred Angelini suffered damages, incurred medical expenses, endured pain and suffering, physical injury and ultimately death.

5. That said "unknown parties" failure to provide adequate and reasonable medical care constitutes deliberate indifference, and a violation of Alfred Angelini's 8th Amendment rights under the United States Constitution.

6. That as such, the estate of Alfred Angelini and Kylee Bult-Black are entitled to an award of damages under 42 U.S.C § 1983.

7. That "unknown parties" failure to provide adequate and reasonable medical care constitutes negligence which resulted in a wrongful death.

8. That the identities of said "unknown parties" cannot be readily determined until Defendant Advanced Correctional Healthcare has been brought in as a party to this matter, pursuant to this Amended Compaint, and identifies said "unknown parties".

WHEREFORE, the Plaintiffs demand compensatory damages against the Defendants in an amount to be proven at trial, together with costs herein, and for all other just and proper relief in the premises.

## FOURTH CAUSE OF ACTION

Comes now the plaintiff herein, the Estate of Alfred M. Angelini Jr. by personal representative Kylee Bult-Black, and Kylee Bult-Black, by counsel, and for her second cause of action against the defendant, Kimberly House, Inc, now alleges and states as follows:

1. That they incorporate by reference all paragraphs of the First Cause of Action as set out above.

2. That if Defendant Porter County is correct, Defendant Advanced Correctional Healthcare and Kimberly House had a duty to provide adequate and reasonable medical care to Alfred Angelini.

3. That in addition to the other named defendants, Kimberly House breached that duty.

4. That as a proximate result of said breach, Alfred Angelini suffered damages, incurred medical expenses, endured pain and suffering, physical injury and ultimately death.

5. That Kimberly House's failure to provide adequate and reasonable medical care constitutes deliberate indifference, and a violation of Alfred Angelini's 8th Amendment rights under the United States Constitution.

6. That as such, the estate of Alfred Angelini and Kylee Bult-Black are entitled to an award of damages under 42 U.S.C § 1983.

7. That Kimberly House's failure to provide adequate and reasonable medical care constitutes negligence which resulted in a wrongful death.

WHEREFORE, the Plaintiffs demand compensatory damages against the Defendants in an amount to be proven at trial, together with costs herein, and for all other just and proper relief in the premises.

Respectfully submitted,

Kevin W. Vanderground, #26627-64
Attorney for Plaintiff
9120 Connecticut, Suite B
Merrillville, Indiana 46410
(219) 796-0082

## JURY DEMAND

Comes now the Plaintiff, by counsel, and demands trial by jury upon all issues which are triable to a jury in the State of Indiana.

Respectfully submitted,

Kevin W. Vanderground, #26627-64
Attorney for Plaintiff
9120 Connecticut, Suite B
Merrillville, Indiana 46410
(219) 796-0082

## CERTIFICATE OF SERVICE

I certify that on the 20th day of February, 2014, a true and complete copy of the above and foregoing document was provided to each party or attorney of record herein by depositing the same in the United States mail in envelopes properly addressed to each and with sufficient first class postage affixed.

Bethany M. Riggle